U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 8 2017
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL PERALES, )<br>　　　Plaintiff, )<br>v. )　　No. 3:16-CV-2733-B<br>　　　　　　　　　　　　　)<br>UNITED STATES, ET AL., )<br>　　　Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I. Background**

At the time Plaintiff filed this complaint, he was a federal prisoner at the Federal Medical Center in Butner, North Carolina. Plaintiff filed this complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claim Act, 28 U.S.C. § 1346. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the Warden of the Federal Detention Center in Conroe, Texas; the Warden of the Seagoville Federal Corrections Institution ("FCI"); the Warden of the Forrest City FCI; the Warden of the Butner North Carolina Federal Medical Center; the United States; the United States Marshal and its officers, agents, and employees; the Bureau of Prisons ("BOP") and its officers, agents, and employees; BOP Regional Counsel Jason Sickler; and BOP Director Kathleen Kenney. The Court has not issued process pending preliminary screening.

Plaintiff raises two claims. First, he claims he received inadequate medical care. He also claims BOP failed to pay medical bills he incurred while incarcerated, which negatively effected

**Findings and Conclusions of the**
**United States Magistrate Judge**　　　Page -1-

his credit rating.

Plaintiff states he received inadequate medical care from 2012 until his release from custody in 2016. He states he was incarcerated in Conroe, Texas, and suffered a heart attack. He was transferred to Conroe Regional Hospital where he states doctors left a medical instrument in his chest cavity. He states that on April 5, 2012, he was transferred to the FCI in Seagoville, Texas. A doctor at Seagoville informed him that the medical instrument was left in his chest cavity. He alleges the local hospitals would not operate on him, so he was transferred back to Conroe Regional Hospital. He states the medical instrument was not removed, but on April 3, 2013, he was transferred back to Seagoville. On April 4, 2013, he was transfer to the Oklahoma Transit Center were he claims he did not receive medical treatment. On April 19, 2013, he was transferred to the FCI in Forest City, Arkansas. He claims he was diagnosed with prostate cancer while at Forest City FCI, and that a doctor stated he could perform surgeries on him, but someone at Forest City FCI refused the surgeries due to cost. On February 24, 2016, he was transferred to Butner North Carolina Federal Medical Center. He has since been released from custody. Plaintiff does not state if any surgeries were performed prior to his release.

Plaintiff also claims the BOP harmed his credit rating by not paying medical bills he incurred while incarcerated. Plaintiff seeks $10 million in damages.

## II. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or

**Findings and Conclusions of the**
**United States Magistrate Judge**     Page -2-

employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### III. Discussion

**A.** *Bivens*

Plaintiff alleges Defendants violated his constitutional rights under *Bivens*. As discussed below, Plaintiff's claims should be dismissed.

**1.** **Suit against the Government**

A *Bivens* action does not provide for a cause of action against the United States or a federal agency. It only provides a remedy for victims of constitutional violations by government officials in their individual capacities. *Affiliated Prof'l Home Health Care Agency*

v. *Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). Plaintiff's *Bivens* claims against the United States, the BOP, and the Marshal Service should therefore be dismissed.

Additionally, Plaintiff sues the Wardens of the federal correctional facilities in Conroe and Seagoville Texas, Forest City, Arkansas, Butner, North Carolina, and the transfer center in Oklahoma in their official capacities. (*See* ECF No. 18 at 3-4.) Suits against government officers in their official capacities are considered to be suits against the government itself. *Kentucky v. Graham*, 473 U.S. 159 (1985). A suit against the government under *Bivens* is not cognizable. These claims should be dismissed.

2. **Defendants Sickler and Kenney**

To the extent Plaintiff sues BOP Regional Counsel Jason Sickler and BOP Director Kathleen Kenney in their individual capacities, Plaintiff fails to state a claim under *Bivens*. Plaintiff claims Sickler and Kenney failed to promptly pay medical bills that Plaintiff incurred while incarcerated, which he states harmed his credit rating. To assert a claim for damages for violation of federal constitutional rights under *Bivens*, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of § 1983 action); *see also Evans v. Ball*, 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds*, *Castellano v. Fragozo*, 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003). Plaintiff

has failed to allege a violation of his constitutional rights. These claims should be dismissed.

3. **Statute of Limitations**

To the extent Plaintiff sues unnamed BOP and Marshal Service officers, agents, and employees in their individual capacities, most of these claims are barred by the statute of limitations. Plaintiff's *Bivens* claims are governed by a two-year statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs,* 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt,* 157 F.3d 1016, 1020 (5th Cir. 1998).

Plaintiff filed his complaint on July 30, 2016. Therefore, claims that occurred prior to July 30, 2014, are barred by the statute of limitations.[1] Plaintiff's claims involving his care at the Conroe and Seagoville facilities, and the Oklahoma Transfer Facility, occurred prior to July 30, 2014. These claims should therefore be dismissed.

Plaintiff was incarcerated at the Forest City, Arkansas FCI and the Butner, North Carolina Medical Center during the two years prior to his filing this complaint. The Court therefore declines to recommend dismissal of the claims against unnamed BOP and Marshal Service officers, agents, and employees in their individual capacities at these two facilities as time-barred. As discussed below, however, the Court recommends that these claims be dismissed for improper venue.

---

[1] Plaintiff has alleged no facts warranting equitable tolling.

**Findings and Conclusions of the**
**United States Magistrate Judge**     Page -5-

4. **Venue**

Plaintiff's claims against the unnamed BOP and Marshal Service officers, agents, and employees in their individual capacities at the FCI in Forest City, Arkansas, and the Federal Medical Center in Butner, North Carolina, should be dismissed because venue is improper in the Northern District of Texas. Title 28 U.S.C. § 1391(a) governs venue of a federal cause of action. That statute states in pertinent part:

A civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The events and actions underlying Plaintiff's claims occurred in Forest City, Arkansas and Butner, North Carolina. The unnamed BOP and Marshal Service officers, agents, and employees who worked at these facilities likely live in the states of Arkansas and North Carolina. Consequently, under § 1391(a)(1) and (2) venue is improper in the Northern District of Texas. The Court finds Plaintiff claims should be dismissed without prejudice to Plaintiff filing the claims in the proper venue.

B. **Federal Tort Claim Act**

Under the FTCA, "Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S.
**Findings and Conclusions of the
United States Magistrate Judge**   Page -6-

214 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671-2680. To successfully sue under the FTCA, a claim must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the federal government; (5) while acting within the scope of his or her employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994).

The only proper defendant in an FTCA action is the United States, and "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) (citations omitted). Therefore, all defendants except for the United States should be dismissed from Plaintiff's FTCA claim.

Additionally, the only claim Plaintiff properly raises under the FTCA is his claim that the BOP failed to timely pay his medical bills. Plaintiff exhausted his administrative remedies under this claim, but did not raise his medical claims in his administrative FTCA complaint. Under the FTCA, exhaustion of administrative remedies is a jurisdictional prerequisite. See, *McNeil v. United States*, 508 U.S. 106, 112 (1993). Exhaustion of administrative remedies cannot be waived. *Price v. United States*, 69 F.3d 46, 54 (1995). To the extent Plaintiff attempts to raise his medical claims under the FTCA in this complaint, the claims should be dismissed.

Plaintiff's claims against the United States should also be dismissed because he has failed to state a claim under the FTCA. On December 21, 2015, Plaintiff filed his original

administrative FTCA complaint. (ECF No. 18 at 38, 48.) Plaintiff sought $30,000 for medical bills allegedly incurred while he was in federal custody. On January 27, 2016, Plaintiff filed a supplement to his complaint which added a $1,440 bill from Sunbelt Anesthesia. (*Id.* at 49.) On March 28, 2016, Defendant Sickler denied Plaintiff's claim, stating the bills were incurred prior to Plaintiff's incarceration. (*Id.* at 50-51.)

1.  **Sunbelt Anesthesia Bill**

On March 30, 2016, and April 12, 2016, Petitioner's counsel, James Craven, wrote letters to Defendant Kenney arguing that the Sunbelt Anesthesia bill was incurred during Petitioner's incarceration. (*Id.* at 52-53.) On July 7, 2016, Defendant Sickler sent a letter to attorney Craven stating that with the "subsequently provided date of service" for the $1,440 Sunbelt Anesthesia bill, the BOP determined this bill was incurred during Petitioner's federal incarceration. (*Id.* at 55.) Defendant Sickler stated the BOP had made corrections with Sunbelt Anesthesia and that the balance for the Sunbelt Anesthesia bill was now zero. Plaintiff submitted a copy of the Sunbelt Anesthesia bill, dated June 27, 2016, showing the zero balance. (*Id.* at 28.) Sickler's July 7, 2016, letter also stated that if any other bill contained a date of service during Plaintiff's federal incarceration, Plaintiff should provide the BOP with that information. It does not appear that Plaintiff provided the BOP with any additional information for any other account. Instead, on July 11, 2016, counsel Craven wrote a letter to Defendant Kinney stating that Defendant Sickler acknowledged the Sunbelt Anesthesia bill was incurred during Plaintiff's incarceration, and that Plaintiff would now "go home with a clean credit sheet." (*Id.* at 56.)

To the extent Plaintiff claims damages for the BOP's failure to timely pay the $1,440

Sunbelt Anesthesia bill, Plaintiff's claim is without merit. Plaintiff submitted a copy of the Sunbelt Anesthesia bill dated January 2, 2013, to the Court. (ECF No. 18 at 27.) This bill was addressed to Plaintiff at Seagoville FCI. Plaintiff submitted no evidence, and has made no allegation, that Sunbelt Anesthesia sent BOP a copy of this bill, that BOP was aware that Plaintiff received this bill, or that BOP was aware this bill was sent to collections, until Plaintiff filed his administrative claim on January 27, 2016. It also appears Plaintiff did not provide the BOP with the date of service for this bill until sometime after March 28, 2016. (*See* Sickler's July 7, 2016, letter stating the date of service was "subsequently provided." ECF No. 18 at 55.) The record also shows the BOP corrected this bill with Sunbelt Anesthesia so that Plaintiff owes no debt on this bill. Plaintiff has failed to show that any federal employee acted wrongfully or negligently in violation of the FTCA.

2. **Remaining Bills**

The record shows Plaintiff's remaining bills were incurred prior to his March 3, 2012, federal custody.[2] Plaintiff submitted a copy of his April 27, 2016 credit report which showed the following bills were clearly placed into collections prior to Plaintiff's incarceration: (1) a bill from Medical Capitol Emergency Associates for $812 that was placed in collections on April 19, 2010; (2) a line of credit from University Credit Union for $739. This account was opened on April 2, 2010, and was charged off and closed on December 1, 2012; (3) a bill from City of GWS Fire Department for $1,198 that was placed in collections on February 10, 2012; (4) a bill from Regional Radiology Associates for $39 that was placed in collections on August 11, 2011.

---

[2]*See* ECF No. 18 at 23, 25, stating Plaintiff entered federal custody on March 3, 2012.

Plaintiff has failed to show a violation of the FTCA.

The last bill on the submitted credit report is a bill from Medical-Grande Ronde Hospital located in the State of Oregon, for $7,311 (the original balance was $5,411). The bill was sent to collections on June 19, 2012, which was about three months after Plaintiff entered federal custody. Plaintiff did not submit the date of service for this bill and did not provide any explanation of the bill. He has failed to provide any factual support that this bill was incurred during his federal incarceration.

Plaintiff has failed to show that any federal employee acted wrongfully or negligently under the FTCA. His claims should be dismissed.

## IV. Recommendation

The Court recommends that: (1) Plaintiff's claims against the unnamed BOP and Marshal Service officers, agents, and employees in their individual capacities at the FCI in Forest City, Arkansas, and the Federal Medical Center in Butner, North Carolina, be dismissed without prejudice for improper venue; and (2) Plaintiff's remaining claims be dismissed with prejudice.

Signed this ___ day of _____, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).